File Date: May 1, 2025
Case Number: 24-CR-511(S-1)
Judge Ramon E. Reyes

TH:EJD/AP
F. #2024R00935

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JASON SOTO,
    also known as "Twin,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 24-511 (S-1) (RER)
(T. 18, U.S.C., §§ 924(d), 924(j)(1),
 1959(a)(1), 2 and 3551 et seq.; T. 21, U.S.C.,
 §§ 841(a)(1), 841(b)(1)(C), 853(a) and
 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

The Enterprise

1.    The Cypress Gangsta Crips ("CGC" or the "Enterprise"), was a gang comprised of individuals residing in and around the Cypress Hills Houses ("Cypress"), a New York City Housing Authority complex located in East New York, Brooklyn, New York, and was a "set," or subgroup, of the Eight Trey Crips street gang, which was a subgroup of the Crips street gang. Members of CGC identified themselves by their affiliation with buildings and local crews within Cypress that were closely aligned with each other, namely, the "Backside" section of Cypress and the "Teamside" section of Cypress. Members and

associates of CGC engaged in drug trafficking, firearms trafficking, and committed acts of violence, including murder, attempted murder, robbery and assault, as well as other crimes.

2. The defendant JASON SOTO, also known as "Twin," was a member of CGC.

3. CGC, including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. CGC constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

4. CGC, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder and robbery that are chargeable under New York Penal Law and punishable by imprisonment for more than one year; and offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

## Purposes of the Enterprise

5. The purposes of the Enterprise included the following:

   a. preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including murder, attempted murder, robbery and assault;

   b. promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

c.  keeping victims and rivals in fear of the Enterprise and its members and associates;

d.  providing assistance to members and associates who committed crimes for and on behalf of the Enterprise;

e.  enriching the members and associates of the Enterprise through criminal activity, including drug trafficking, firearms trafficking, robbery and fraud offenses; and

f.  concealing the activities of the Enterprise from law enforcement.

## Means and Methods of the Enterprise

6. Among the means and methods by which members of the Enterprise and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a.  members of the Enterprise and their associates committed, conspired to commit, attempted to commit and threatened to commit acts of violence, including acts involving murder, robbery and assault, to enforce the Enterprise's rules, enhance the Enterprise's prestige and protect and expand the Enterprise's criminal operations;

b.  members of the Enterprise and their associates committed, attempted to commit and conspired to commit drug trafficking, firearms trafficking, robbery and fraud offenses as means of obtaining money;

        c.        members of the Enterprise and their associates used and threatened to use physical violence against various individuals, including members of both their own and rival criminal organizations; and

        d.        members of the Enterprise and their associates obtained, possessed and used firearms.

## COUNT ONE
(Murder In-Aid-Of Racketeering)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. On or about February 22, 2015, within the Eastern District of New York and elsewhere, the defendant JASON SOTO, also known as "Twin," together with others, for the purpose of maintaining and increasing position in CGC, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Shakim Rivera, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWO
(Causing the Death of Shakim Rivera Through Use of a Firearm)

9. On or about February 22, 2015, within the Eastern District of New York and elsewhere, the defendant JASON SOTO, also known as "Twin," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the use of a firearm during and in relation to a crime of violence, to wit: the crime charged in Count One, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was murder as defined in Title 18, United States Code,

Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Shakim Rivera willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT THREE
(Distribution and Possession with Intent to Distribute Cocaine)

10. On or about and between September 1, 2024 and December 17, 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JASON SOTO, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWO

11. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

13. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

/s/
FOREPERSON

By *Carolyn Pokorny, Assistant U.S. Attorney*
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK