UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 24-CR-00511 (RER)

UNITED STATES OF AMERICA

VERSUS

JASON SOTO

**SUMMARY ORDER**

**RAMÓN E. REYES, JR., District Judge:**

Jason Soto ("Defendant" or "Soto") is charged with one count of murder in-aid-of racketeering, in violation of 18 U.S.C. § 1959(a)(1); one count of causing death through use of a firearm, in violation of 18 U.S.C. § 924(j)(1); and one count of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 26 ("Superseding Indictment") at 4–5). The charges against Soto arise out of his alleged participation in the Cypress Gangsta Crips ("CGC" or the "Enterprise"), an alleged racketeering organization engaged in drug and firearms trafficking, acts of violence, robbery, assault, and other crimes. (*Id.* at 2).

Pending before the Court is Soto's motion *in limine*. (ECF Nos. 83 ("Def.'s Mot."), 88 ("Gov't Opp'n"), 89 ("Def.'s Reply")). For the reasons set forth below, the Court grants Soto's motion in part and denies it in part.

## BACKGROUND

The Court assumes the reader's familiarity with the alleged facts of the case but nevertheless provides this brief overview. The government alleges that on February 22,

2015, Soto and others murdered CGC leader Shakim Rivera to avenge the February 2015 murder of high-ranking CGC member Demetrius Graham, purportedly upon Rivera's order.

## LEGAL STANDARD

"The purpose of an *in limine* motion is to aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Thompson v. Spota*, No. 14-CV-02473 (NGG) (AYS), 2022 WL 17253464, at *1 (E.D.N.Y. Nov. 28, 2022) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "A court will exclude evidence on a motion *in limine* only if it is clearly inadmissible on all potential grounds." *Id.* (quoting *Laureano v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *1 (S.D.N.Y. July 30, 2021)). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Id.* (quoting *Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.*, No. 14-CV-858 (NGG) (PK), 2019 WL 1365752, at *2 (E.D.N.Y. Mar. 26, 2019)). "At trial, the court may also exercise discretion 'to alter a previous *in limine* ruling.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41–42 (1984)).

## DISCUSSION

### I. Videos

In a prior order, the Court reserved decision on the government's motion to admit two videos: (1) a non-lyrical video entitled "The Side," posted on YouTube on June 19, 2011 (GX 364); and (2) a music video of a song entitled "Cyraq Freestyle," posted on

YouTube on July 2, 2014 (GX 300 and GX 300-A). (ECF No. 56 at 11). Soto now seeks to exclude the videos.

Having watched the videos several times, the Court excludes both. Whatever marginal relevance the videos have in establishing a racketeering enterprise and/or racketeering activity is substantially outweighed by undue prejudice to Soto for the reasons noted in his motion. (Def.'s Mot. at 4-7; Def.'s Reply 3-9). The government's arguments to the contrary are unconvincing. (Gov't Opp'n at 3-4).

## II. Crime Scene Photographs

The three crime scene photographs (GX 1016, GX 1018, and GX 1043) are admissible. Contrary to Soto's contentions, the photographs are not unduly prejudicial.

## III. Wiretapped Call Transcripts

The three wiretapped calls (GX 916-T, GX 925-T, and GX 932-T) are admissible pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence. To the extent Soto intended to challenge admission of the audio recordings in addition to the transcripts, the audio recordings are also admissible.

## IV. Evidence of Soto Allegedly Selling Marijuana in 2024

The Court finds that while evidence of Soto allegedly selling marijuana in 2024 is only minimally relevant, it is not unduly prejudicial. Therefore, it is admissible.

## V. 911 Calls

Both 911 calls (Graham's girlfriend's call to 911 after Graham's murder (GX800/800T), and a bystander's call to 911 after Rivera's murder (GX801/801T)) are admissible under Rules 803(1) and 803(2) of the Federal Rules of Evidence. Having

reviewed the recordings and transcripts, the Court finds both are relevant and, contrary to Soto's arguments, not unduly prejudicial.

VI. Miscellaneous Evidence

i. Photograph of Soto

The Court precludes admission of a photograph of Soto (GX3220-5). It is clearly in an institutional/correctional setting, and the minimal relevance (Crips gang signs) is outweighed by the substantial prejudicial to Soto.

ii. Text Message to Rivera

The Court finds the text message sent to Rivera (GX 3008), admissible under Rule 803(3).

VII. Excerpts from Soto's "Autobiographical Manuscript"

The Court continues to reserve decision on the admission of excerpts from Soto's "autobiographical manuscript." (*See* Order dated 10/4/2026).

## **CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Soto's motion *in limine.*

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge
Dated: October 4, 2026
Brooklyn, New York